Semidey v. Central Aguirre.

# SEMIDEY

*v.*

# CENTRAL AGUIRRE.

San Juan, Equity, No. 874.

Use of Water—Legal.
    1. Where a decree declares the use of the water to be legal, but the public is not made a party, the decree will be construed as meaning a proper use between the parties, and not a legal use against the world.

Water—Party Increasing Flow.
    2. A party cannot complain in regard to irrigation. water if he receives as much as he is entitled to, although another takes from a lower point the net amount of what he added to an upper point.

Opinion filed December 5, 1917.

*Mr. H. G. Molina* for plaintiffs.

*Mr. Chas. Hartzell* for defendants.

HAMILTON, Judge, delivered the following opinion:

The decree and mandate of the court of appeals decrees as follows: "The decree of the district court declaring Gonzalez' use of the Lapa water to be a legal use is vacated. In all other respects it is affirmed."

---

NOTE.—For a review of authorities passing on the question of correlative rights of upper and lower proprietors as to use and flow of water in stream, see note in 41 L.R.A. 737.

Semidey v. Central Aguirre.

1. If the word "legal" is construed as declaring the right to the use of the water, it would be improper, in the decree of this court, because this is a suit between private parties to which the public authorities were not parties, and therefore it would be improper to make an abstract declaration which would quiet the title as against the public in general and the insular government in particular. This would seem to be the way in which the court of appeals construed the word "legal." The better word to use in this connection would be the word "proper," instead of "legal," and this was in the mind of this court. It is not thought that the decree of the court of appeals is inconsistent with a view of the facts which makes the right of Gonzalez to use the water a proper use as between the parties to this case, provided, as will be found declared in other parts of the evidence and opinion, he does not use more than the share of the water which he brought into the canal higher up.

2. The court of appeals, in the decree, says nothing about enjoining the use of the water by Gonzalez, and in the opinion it goes on to say that "the upper court finds only that the part of the decree which declares Gonzalez' use to be legal should be vacated to the end that the plaintiffs' prayer for an injunction in a pending suit may be available to them if, under present or subsequent conditions, the situation should be such that the use should be terminated or regulated by injunction, and as to what should be done through such an instrumentality it expresses no opinion."

The theory upon which this court proceeded in the decree in question was that Gonzalez, by repairing the old Lapa inlet, had added a certain quantity of water to the stream in the

Semidey v. Central Aguirre.

main canal, and that the plaintiff had no ground of complaint if he took from the canal below a corresponding amount of water. We do not understand that the upper court takes any other view of the case; but inasmuch as the case now remains on the docket over a year after the decision of this case, April 10, 1915, this court should have the right and perhaps the duty to ascertain whether conditions have changed so as to make the use of this water improper for any reason.

It seems right therefore to investigate this point, and the matter is referred to the marshal of this court as a special master to investigate with the aid of such technical experts as he deems proper, and report to the court. (1) Whether the water taken by Gonzalez from the main canal at the point indicated in the pleadings and decree in this case exceeds what comes into the canal by the Lapa intake which he repaired at a point above, making allowance for evaporation, seepage, and anything else which might make a smaller taking of water proper. (2) Ascertain and report any facts arising since April 10, 1915, or any existing conditions which cause the present use of water by Gonzalez to interfere with the water rights of plaintiff. (3) If the water so taken by Gonzalez exceeds the amount indicated, then the master will report to the court what means are proper to diminish the amount going into the Gonzalez canal so as to reduce it strictly to what Gonzalez should take as above outlined.

Until this report comes in and is disposed of, the case will remain as at present, and the application for an injunction is continued to await the result of the above investigation.

The ground of this procedure on the part of the court is that the plaintiff is entitled only to a certain portion already

declared of the water which would be in the canal if the Lapa water had not been added, and if he is obtaining that amount he is not concerned whether other water is brought into and taken out of the canal or not.

It is so ordered.